## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

JIMMIE L HOWARD,                           :

            **Plaintiff,**                         :

**vs.**                                                    :        **CIVIL ACTION 06-0795-CG-C**

**BALDWIN COUNTY CORRECTIONS**   :
**CENTER,**

                                                        :

            **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, a Baldwin County Corrections Center inmate proceeding *pro se*, filed a

complaint under 42 U.S.C. § 1983 (Doc. 1), together with a motion to proceed without

prepayment of fees (Doc.  2).  This action, which was referred to the undersigned pursuant

to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 for appropriate action, is now before the

Court for plaintiff's failure to pay the partial filing fee.

Upon review of plaintiff's motion to proceed without prepayment of fees, the Court

found that plaintiff was required to pay a $4.70 partial filing fee (Doc. 3).  On December 7,

2006, the Court ordered Plaintiff to pay the partial filing fee within twenty days (Doc. 3).

Plaintiff was warned that his failure to comply with the order within the prescribed time

would result in the dismissal of his action.  Plaintiff has not paid the partial filing fee, nor has

he otherwise responded to the Court's order.

Due to plaintiff's failure to comply with the Court's order and to prosecute this action

by paying the partial filing fee, and upon consideration of the alternatives that are available

to the Court, it is recommended that this action be dismissed without prejudice pursuant to

Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.

*Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Zocaras v. Castro*, 465 F.3d 479, 484 (11th

Cir. 2006); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d

1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op,* 864 F.2d 101, 102

(11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*,

709 F.2d 1457, 1458 (11th Cir. 1983); *Hildebrand v. Honeywell, Inc.,* 622 F.2d 179, 181 (5th

Cir. 1980).[1]  *Accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991) (finding that federal

courts' inherent power to manage their own proceedings authorized the imposition of

attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d

1536, 1545-46 (11th Cir.) (ruling that the court's inherent power to manage actions before

it permitted the imposition of fines), *cert. denied,* 510 U.S. 863 (1993).

The attached sheet contains important information regarding objections to this

Report and Recommendation.

**DONE** this 31st day of January, 2007.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

---

[1]The Eleventh Circuit in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE